UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-93 (PJS)

UNITED STATES OF AMERICA,

Plaintiff,

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

v.

CANDICE LANGLEY,

Defendant.

The United States of America and Candice Langley (hereafter, the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota and the United States Department of Justice, Criminal Division, Fraud Section (hereafter, "the United States" or "the government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges**. The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. The defendant fully understands the nature and elements of the crimes with which she has been charged.

2.     **Factual Basis**. The defendant is pleading guilty because she is in fact guilty of Count One of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1

The defendant acknowledges that she and Cynthia Allen, her coconspirator, worked together to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

Beginning in or around February 2022 and continuing through in or around July 2025, within the District of Minnesota and elsewhere, the defendant knowingly carried out a scheme to defraud the Housing Stabilization Services ("HSS") program, a Medicaid health care benefit program affecting commerce, designed to help people with disabilities and addictions find and maintain housing. Rather than ensuring complete compliance with program requirements, Candice Langley submitted inflated bills for services.

Specifically, the defendant was the owner of Candice Carene, Inc., a company that she registered with the State of Minnesota in or around February 2022. In or around the same time, the defendant's co-conspirator Cynthia Allen, registered her own company—Cynthia Allen Servicing Company LLC—with the State of Minnesota. As part of the registration process for providing HSS services, the defendant certified that she understood that she must truthfully enter any claims for reimbursement truthfully and accurately. The defendant and Allen then operated their respective

companies as HSS Program providers out of rented office spaces in downtown Minneapolis.

Soon after registering her company, the defendant began submitting claims containing inflated amounts to the HSS Program. In doing so, the defendant claimed and received HSS Program payments far exceeding those to which Candice Carene, Inc. was entitled.

The defendant and Allen repeatedly traveled from Philadelphia to Minneapolis in connection with business operations and to provide services to clients. They did so to continue submitting claims for their clients, as well as to find new clients under whose names they could bill the HSS Program. Though the defendant and Allen maintained separate businesses for which each respectively entered their own billing to the HSS Program, each assisted the other in running their business, including interacting with one another's clients of the HSS Program for whom billing was fraudulently inflated.

The defendant handled Candice Carene, Inc.'s billing and knowingly submitted claims for reimbursement of services for which the billing exceeded the actual work provided. The HSS Program required providers to keep records reflecting the type and duration of services provided. To this end, the defendant created false notes purporting to justify the inflated number of hours that were ultimately billed to the HSS Program. The defendant knew those notes were fake and she knew the HSS bills she submitted for payment were inflated and fraudulent.

3

In all, the defendant, through her company Candice Carene, Inc., and Allen, through her company Cynthia Allen Servicing Company LLC, claimed to have provided HSS Program services to almost 350 beneficiaries, and submitted inflated claims for many of those beneficiaries. Based on those fraudulent claims, the defendant and Allen claimed entitlement to approximately $3,504,307 in HSS Program payments. Minnesota Medicaid paid the defendant and Allen approximately $3,476,244.

3.      **Waiver of Indictment**. The defendant waives the right to be charged by Indictment. The defendant agrees to sign a written waiver of this right at the change of plea hearing.

4.      **Waiver of Pretrial Motions**. The defendant understands and agrees that she has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pretrial motions in this case.

5.      **Waiver of Constitutional Trial Rights.** The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has

4

the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6.    **Additional Consequences**. The defendant understands that as a result of her conviction, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

7.    **Statutory Penalties**. The defendant understands that Count One of the Information (conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349) is a felony offense that carries the following statutory penalties:

a.    a maximum of 10 years in prison;

b.    a supervised release term of not more than 3 years;

c.    a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

d.    restitution as determined by the Court; and

e.    a mandatory special assessment of $100.

8.    **Revocation of Supervised Release.** The defendant understands that if she were to violate any supervised release condition while on supervised release, the Court could revoke her supervised release, and the defendant could be sentenced

5

to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that she be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.      **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a.      Base Offense Level. The parties agree that the base offense level is 6. U.S.S.G. § 2B1.1(a)(2).

b.      Specific Offense Characteristics. The parties agree that an 18-level enhancement applies pursuant to Guidelines § 2B1.1(b)(1)(I) because the intended loss exceeded $3.5 million but was less than $9.5 million. The parties agree that a 2-level enhancement applies pursuant to Guidelines § 2B1.1(b)(7) because the defendant was convicted of a federal health care offense involving a government health care program and the loss to the government health care program was more than $1 million. The parties agree that no other specific offense adjustments apply.

c.      Chapter 3 Adjustments. The parties agree that a 2-level enhancement applies pursuant to Guidelines § 3B1.3 because the defendant abused a position of public or private trust in a manner that significantly facilitated the commission or concealment of the offense. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d.      Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As

6

the defendant has timely notified the government of her intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw her guilty plea after it is entered.

e.   Zero-Point Offender Adjustment. Because the defendant has zero criminal-history points and no disqualifying conduct, the parties agree the defendant qualifies for a 2-level reduction under U.S.S.G. § 4C1.1.

f.   Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g.   Guidelines Range. If the adjusted offense level is 23, and the criminal history category is I, the Sentencing Guidelines range is 46-57 months of imprisonment.

h.    Fine Range. If the adjusted offense level is 23, the Sentencing Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

10.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11.    **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), and to oppose any such motion made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

12.    **Special Assessment**. The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees that the special assessment is due and payable at the time of sentencing.

8

13.     **Restitution Agreement**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of her crime. The defendant understands and agrees the Court may order the defendant to make restitution to any victim of the scheme regardless of whether the victim was named in the Information. The defendant agrees that she owes restitution in the amount of $3,476,244, jointly and severally with all other co-conspirators.

14.     **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of fines and/or forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of her guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate her ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

15.    **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(7) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to the health care fraud scheme charged in Count 1 of the Information.

The defendant agrees that the United States may, at its option, forfeit the property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest she may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture, directly or through any company she owns or controls, on any grounds. To the extent the defendant has requested remission or mediation of the forfeiture of the property, she withdraws any such requests. The defendant agrees not to assist any third party in challenging the forfeiture of the property.

The defendant consents to the entry of a money judgment forfeiture in the amount of $983,315, which represents the amount of proceeds Candice Carene, Inc., obtained from the health care fraud scheme alleged in Count 1 of the Information. The defendant will receive a credit against the money judgment forfeiture for the net value of all property that is forfeited from her in this matter. The United States reserves the right to seek forfeiture of substitute assets and any additional directly forfeitable property.

10

16.     **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant also waives the right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with her attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17.     **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

11

18.    **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.  By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with her decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

Dated: July 16, 2026

DANIEL N. ROSEN
United States Attorney

BY:    MATTHEW C. MURPHY
Assistant United States Attorney


LORINDA LARYEA
Chief, Fraud Section

BY:    A. Brant Cook
Trial Attorney
Health Care Fraud Unit

12

Dated: 7/12/26

Dated: 7/16/2026

CANDICE LANGLEY
Defendant

SELLANO L. SIMMONS
Counsel for Ms. LANGLEY

13